### Smith & Wood *v.* Allen & Stafford.

*Contract. Illegality. Sale of spirituous liquors. Notice to agent.*
*Testimony of party.*

No action can be sustained in the courts of this state, to recover the price of spirituous liquors, sold in this state, for the purpose of being retailed here by the vendee without a license, the vendor knowing, at the time of the sale, the intent of the vendee, and that he has no license,—as held in *Territt et al.* v. *Bartlett,* 21 Vt. 184.

And if the sale be made by an agent for the vendor, notice to the agent, that the vendee intends to retail the liquors within this state, and that he has no license for so doing, is sufficient.

And, if the vendor bring an action of book account to recover for the price of the liquors so sold, the vendee may prove, by his own testimony, that he had no license, and that he gave notice to the agent of the vendor, at the time of the contract, that he intended to sell the liquors within this state without a license.

BOOK ACCOUNT.  Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts as follows.

The plaintiffs' account was for brandy, gin and rum, sold to the defendants in September and November, 1848.  The plaintiffs were grocers, residing in Troy in the state of New York, and employed one Andrus to effect sales for them, and gave him a general authority for that purpose.  The defendants were co-partners and innkeepers at Wallingford in this state; and Andrus negotiated the sale of the liquors in question, at Wallingford, at the prices at which they were charged in the plaintiffs' account, with the understanding, that they should be shipped by the plaintiffs at Troy, and be directed to the defendants at Comstock's Landing, at Fort Ann, in New York.  The liquors were shipped accordingly, and duly arrived at Comstock's Landing, and were taken thence by a teamster to the defendants, at Wallingford, and the defendants paid the freight and charges upon them from Troy.  The teamster did not receive any express directions from the defendants to take the liquors from the landing, and it did not appear, that the defendants knew of his having taken them, until they received them from him at Wallingford. The defendants, at the time they agreed with Andrus for the purchase of the liquors, had no legal license for dealing in them, and so informed Andrus, and at the same time gave him to understand, that they were purchasing them to retail in their tavern, in contravention of the existing license laws of Vermont;—but these facts were found upon the testimony of the defendants, who were the only witnesses to prove them.  Andrus did not communicate these facts to the plaintiffs, and the plaintiffs always supposed, until after the commencement of this suit, that the defendants had full authority to deal in the article.  The plaintiffs' account amounted to $178,30,

and the auditor referred to the court the question as to their right of recovery.

The county court, November Term, 1850,—PIERPOINT, J., presiding,—rendered judgment for the defendants, upon the report. Exceptions by plaintiffs.

*M. H. Cook* for plaintiffs.

*D. E. Nicholson* for defendants.

The opinion of the court was delivered by

REDFIELD, J. We think it impossible to distinguish this case from that of *Territt et al.* v. *Bartlett*, 21 Vt. 184, upon any satisfactory ground. Notice to the agent in the same transaction is always notice to the principal. That is sufficiently shown in the case of *Fitzsimmons* v. *Joslin*, 21 Vt. 129. Any other rule upon this subject would lead to the greatest fraud and injustice, as well as the grossest absurdities. The notice in this case is all that would be likely to exist, or to be shown, in any case.

There is no objection to the testimony coming from the defendants. It is a matter very clearly concerning the account, or, as they express it in Connecticut, " *quoad the account.*"

The contract of sale was complete in this state, and the delivery by common carriers, as in the case of *Territt et al.* v. *Bartlett*, except that in this case it appears the freight was paid by the defendants, and it was *presumed* to have been in that case. We do not propose to discuss the subject farther, believing the principles laid down in *Territt et al.* v. *Bartlett* are sound, and founded upon abundant authority.          Judgment affirmed.